# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BOARDS OF TRUSTEES OF THE
OHIO LABORERS BENEFITS,

    Plaintiffs,

vs.

PASCHAL, BIHN & SONS, LLC,

    Defendant.

Case No. 2:19-cv-3454

Judge Sarah D. Morrison

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the fiduciaries of four employee benefit trusts, assert claims under the Employees Retirement Income Act ("ERISA"), 29 U.S.C. § 1132, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. This matter is before the Court for consideration of Plaintiffs' Motion for Default Judgment. (ECF No. 7.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

The docket reflects that Defendant Paschal, Bihn & Sons, LLC was served with process on August 19, 2019 (ECF No. 3) but has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default (ECF No. 5) and the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on September 16, 2019 (ECF No. 6).

Plaintiffs have established that Defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO ("the Union"), by which

Defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the Union. (Exhibits A and B, attached to Plaintiff's Motion, ECF Nos. 7-3 at PAGEID ## 25–27.) The Affidavit of Plaintiffs' Contractor Relations Manager (Brian Gaston) (ECF No. 7-2) ("Affidavit") establishes that Defendant owes $1,265.50 in unpaid fringe benefit contributions for the period April 2018 through December 2018. (Affidavit, ¶ 3 (citing Exhibit C, ECF No. 7-3, at PAGEID # 28).). Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376 (6th Cir. 1991). Plaintiffs have established that defendant owes $318.72 in liquidated damages and interest on the unpaid contributions through December 2018. (Affidavit, ¶¶ 3–5; Exhibit C, ECF No. 7-3, at PAGEID # 28.)

Plaintiffs seek an award of attorney's fees in the amount of $2,550.00, for eight and one-half hours billed at the rate of $300.00 per hour. (Plaintiff's Motion, pp. 4 –5 (citing Exhibit B, ECF No. 7-1, and Exhibit D, ECF No. 7-3, at PAGEID # 29).) Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable. (*Id*.)

Plaintiffs are therefore entitled to judgment in the amount of $1,584.22 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $2,550.00.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (ECF No. 7) be **GRANTED**. It is **FURTHER RECOMMENDED** that the Clerk enter judgment against Defendant Paschal, Bihn & Sons, LLC and that Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Defendant Paschal, Bihn & Sons,

LLC the sum of $1,584.22, including unpaid fringe benefit contributions through December 2018, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of $2,550.00, plus interest from the date of judgment at the rate of one percent (1%) per month.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


                                                                  */s/ Elizabeth A. Preston Deavers*
**DATED: September 30, 2019**                **ELIZABETH A. PRESTON DEAVERS**
                                                                  **CHIEF UNITED STATES MAGISTRATE JUDGE**